## JOHN HEDGES v. WILLIAM CLARK.

Court of Chancery.   New Castle.   April, 1819.

*Ridgely's Notebook II, 355.*

*Mr. McLane* [1] for complainant reads the promissory note. Demurrer filed because Leonard indorsed the note and that there is no equity in the bill. All the indorsers of the note are liable. He might sue any one, or all of them. Iniquity to let Clark take the debt due from Hedges, and he lose his debt. 1 Dick. 707, 799, that for want of parties the cause will stand over and bill be amended. 2 Madd.Ch. 145, if complainant will disclaim the right of making any decree against person not party, he need not be party. 2 P.Wms. 313, joint and several bond, one dies, his executors only may be sued in equity. *Vide* 3 Eq.Cas.Abr. 405. Here all the indorsees are several.

*Mr. Rodney* for defendant. This demurrer can be sustained for want of parties. This is an accommodation note. Walker got the money. Not a cent went into the hands of Clark, Leonard or Hedges. No consideration passed from one indorser to the other; and all that can be asked [is] that we should pay our part only. All the indorsers should contribute. Complainant is not entitled to receive from Clark the whole debt. The others ought to contribute. In Peere Williams each was bound to pay the whole debt. Here Hedges is bound to pay his proportion only. Coop.Eq.Pl. 33. General rule all persons interested must be parties, plaintiffs or defendants, that complete decree may be made and future litigation prevented. Here justice cannot be done, nor complete decree be made, unless the other indorsers are brought into court. Demurrer to relief may embrace all the causes for which the complainant shall not have relief, such as want of parties, want of equity.

*McLane* for complainant. That indorser is liable for his share only of debt. Answer. All indorsers are liable. Every one is a new drawer.

THE CHANCELLOR. The complainant is entitled to relief to a certain extent, according as the case now appears to me. Certainly Hedges should not be compelled to pay the whole debt, that is, the whole note, but then the other indorsers should pay their parts also. If Hedges goes on and obtains complete relief, that

---

[1] Manuscript reads "Mr. Rodney."

is, to the amount of the note, then Clark is wronged. Now, as at present advised, I think that all the indorsers should contribute. It is said that no consideration passed from one to the other, surely the equity will not compel Clark to bear the whole loss. Walker is insolvent, and upon that principle the case comes here. If Hedges asks equity, let him do equity. If he was an indorser as well as Clark, and no consideration passed to either, justice will certainly not compel Clark to bear whole loss. Demurrer allowed as to want of parties; and overruled as to want of equity. The Chancellor does not hold himself concluded by this opinion as to relief; only as to want of parties.